UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 20-20404
    Hon. Mark A. Goldsmith

DWAYNE EDWARD RICHEY,

    Defendant.
_____/

**OPINION & ORDER
GRANTING THE GOVERNMENT'S MOTION FOR REVOCATION OF THE ORDER
OF RELEASE (Dkt. 20)**

    This matter is before the Court on the Government's motion for revocation of the order of release (Dkt. 20). Defendant Dwayne Edward Richey was indicted on September 2, 2020, on one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Indictment (Dkt. 1). Following Richey's initial appearance on September 22, 2020, the magistrate judge released him on bond subject to a number of conditions. Order Setting Conditions of Release (Dkt. 7). Based on Richey's failure to comply with the conditions of his release, as documented by Pretrial Services, the Government filed the present motion for revocation of the order of release, on which the Court heard oral argument on December 17, 2020. For the reasons that follow, the Court grants the Government's motion.

    Motions for revocation of an order of release are governed by 18 U.S.C. § 3148(b). The statute provides that the court shall revoke bond and order detention if there is (i) probable cause to believe that the defendant has committed a federal, state, or local crime while on release, or (ii) clear and convincing evidence that the defendant has violated a condition of his release. 18 U.S.C. § 3148(b). Additionally, a court ordering revocation of bond must find that (i) the

defendant is unlikely to abide by any condition or combination of conditions of release, or (ii) based on the factors set forth under 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community. Id. In making the latter inquiry under § 3142(g), the Court must evaluate the available information concerning the following four factors: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant; and (iv) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

Under the conditions of his bond, Richey is required to submit to drug testing and to submit to home detention with location monitoring by a GPS tether as directed by Pretrial Services. Order Setting Conditions of Release. Because Richey obtained employment working second shift between the hours of 4:15 p.m. and 2:30 a.m., Pretrial Services imposed curfew hours from 3:30 a.m. through 2:30 p.m., during which Richey must remain within his residence. Petition for Action on Conditions of Pretrial Release at 1 (Dkt. 15). Richey was advised that non-curfew hours may be used to travel to and from work only, and that he must immediately return to his home after work.

Pretrial Services has reported that Richey violated the conditions of his release on numerous occasions. Specifically, Richey failed to return home by his 3:30 a.m. curfew after leaving work on October 24, 2020 and on November 13, 2020. Most recently, on December 4, 2020, Richey left his work early at 12:11 a.m., but failed return home immediately. Id. Instead, Richey was tracked to the Midtown Detroit neighborhood, including a residence on Lockwood Street where Richey was previously arrested when officers executed a narcotics search warrant

2

and uncovered a stolen gun, digital scales, and drugs.[1]  Id.  While Richey was in Midtown Detroit, he also failed to charge his GPS tether or replace the battery as directed, despite receiving several alerts and text messages.  Id.  Although Richey ultimately returned to the area around his home at approximately 2:19 a.m., he failed to enter his residence before his 3:30 a.m. curfew and failed to replace the batteries in his tether, resulting in the tether shutting down.  Id.  Accordingly, Richey's whereabouts are unknown for the duration between 3:30 a.m. and 7:52 a.m. on December 4, 2020.  Id.  Later that day, a Pretrial Services Officer conducted a home visit and collected a urine sample from Richey for drug testing.  The results of this test indicted that the sample was "substituted" and was "not consistent with human urine."

Based Pretrial Services' reports, the Court finds by clear and convincing evidence that Richey violated the conditions of release requiring him to submit to drug testing, home detention, and location monitoring.

Turning to the § 3142(g) factors, the Court also finds that there is no condition or combination of conditions of release that will assure that Richey will not flee or pose a danger to the safety of the community.  With respect to the nature of the offense charged, Richey is accused of committing a serious firearm offense, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Additionally, he faces an enhanced penalty as a career criminal under 18 U.S.C. § 924(e)(1).  He is alleged to have possessed a semi-automatic handgun when he has over three previous convictions for violent felonies or serious drug offenses.  See Indictment.  Given the

---

[1] Pretrial Services informed Richey on several occasions that he may not go to the Lockwood residence or any other private residence or location without prior authorization.

seriousness of the offense presently charged, the Court finds that Richey poses a danger to the community.

Richey's extensive criminal history and poor record of compliance with the conditions of his release likewise demonstrate that he poses a significant risk of flight and a danger to the community. Richey has six prior convictions for the delivery or manufacture of controlled substances—felonies in March 2005, November 2005, August 2007, November 2012, and March 2016, and a misdemeanor in April 2017. These prior convictions involved acts of violence and endangered the community. Specifically, the March 2016 conviction stemmed from a complaint regarding an armed individual who disposed of a box filled with cocaine, while the April 2017 conviction was premised on Richey's ex-girlfriend's complaint of domestic assault. Further, it is notable that Richey returned to the Lockwood residence, an alleged drug house, on December 4, 2020, while on bond. Given Richey's pattern of engaging in violence and drug trafficking, he poses a substantial danger to the community.

Further, as detailed above, Pretrial Services has amply documented Richey's continued failure to comply with the requirements of the location-monitoring program. When Pretrial Services confronted him regarding these violations, Richey offered explanations that are plainly inconsistent with GPS tracking information. Moreover, Richey has consistently failed to heed warnings from Pretrial Services that continued noncompliance could result in the revocation of his bond. Thus, Richey's noncompliance with the conditions of his release are indicative of an escalating risk of nonappearance, as well as a danger to the community. And given the contempt with which Richey appears to view the criminal justice system, Richey is unlikely to abide by any condition or combination of conditions of release.

Consequently, based on the factors set forth in 18 U.S.C. § 3142(g), the Court finds that there is no condition or combination of conditions of release that will assure that Richey will not flee or pose a danger to the safety of any other person or the community. Additionally, the Court finds that Richey is unlikely to abide by any condition or combination of conditions of release.

For the reasons stated above, the Court grants the Government's motion for revocation of the order of release. Pursuant to 18 U.S.C. § 3148(b), it is ordered that Richey shall be detained pending trial. No later than January 4, 2021, Richey shall contact Pretrial Services and make arrangements to report to the custody of the United States Marshals Service. Richey shall report to the custody of the United States Marshals Service no later than January 5, 2021. Failure to report as directed will result in a warrant being issued for Richey's arrest.

**SO ORDERED.**

Dated: December 30, 2020  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge